■    In the Matter of ALFRED J. BROWN, Appellant, against JOSEPH P. KELLY, as Commissioner of Motor Vehicles of the State of New York, Respondent.— Proceeding under article 78 of the Civil Practice Act, transferred to this court by an order of the Supreme Court at Special Term, to review a determination of the Commissioner of Motor Vehicles revoking petitioner's driver's license. The revocation, as appears by the notice thereof, was pursuant to Vehicle and Traffic Law (§ 71, subd. 3, par. [a]), for: "Violation of Section 56-1 of the Vehicle and Traffic Law — operating a motor vehicle  *   *   *  at such speed as to endanger the life, limb or property of any person or at a rate of speed greater than will permit bringing the vehicle to a stop without injury to another or his property." Since this appeal was argued, the Court of Appeals has held that subdivision 1 of section 56 of the Vehicle and Traffic Law is "too vague and indefinite to constitute a sufficient definition of criminal conduct and that it contains no sufficient standard by which a driver's conduct may be tested." (*People* v. *Firth*, 3 N Y 2d 472, 474.) The *Firth* case involved a conviction of a violation of subdivision 1 as a traffic infraction but may not on that account be distinguished from this case. By its failure to establish a sufficient standard of conduct, the statute is rendered equally ineffective as a basis for the revocation of a driver's license, that penalty being more severe, in most cases, than that imposed for a violation as a traffic infraction and the driver, in either case, being entitled to an understandable definition of a requirement possible of performance. Determination annulled, with $50 costs, and respondent directed to restore petitioner's license. Foster, P. J., Bergan, Coon, Halpern and Gibson, JJ., concur.